# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FILED ENTERED RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD
MAY 06 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Geoff Winkler, Receiver for J&J Consulting Services, Inc., et al.,
Plaintiff,

v.

ROBERT A. SEIK,
Defendant.

**CASE NO.: 2:26-cv-01000** JCM - NJK

**Motion To Dismiss Claims Relating to Transfers Made to Desert Global Advisors, LLC Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19**

**Motion To Dismiss Claims Relating to Transfers Made to Desert Global Advisors, LLC Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19**

## I. Introduction

Defendant Robert A. Seik respectfully moves this Court to dismiss all claims seeking recovery of transfers made to Desert Global Advisors, LLC ("DGA"), pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19.

The Receiver's Complaint challenges transfers that were made directly to DGA, a Nevada limited liability company. DGA is not named as a defendant. The Complaint does not plead alter ego, veil-piercing, or unity of interest under Nevada law. Nor does it allege that DGA's separate legal existence should be disregarded.

Instead, the Receiver seeks to impose personal liability on Mr. Seik for transfers made to a legally distinct entity without joining that entity.

That approach violates Rule 19.

Under Rule 19(a), a party must be joined where:

1. The Court cannot accord complete relief among existing parties in the party's absence; or
2. The absent party claims an interest relating to the subject of the action and proceeding without it may impair its interests or expose existing parties to inconsistent obligations.

Desert Global Advisors, LLC satisfies both criteria.

Because DGA is a required party and has not been joined, dismissal is required under Rule 12(b)(7). If joinder is not pursued, dismissal with prejudice as to claims seeking individual liability for DGA transfers is appropriate.

## II. Legal Standard

### A. Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) permits dismissal for failure to join a party required under Rule 19.

The burden rests on the moving party to show that:

1. The absent party is required under Rule 19(a); and
2. The action cannot proceed in equity and good conscience without that party under Rule 19(b).

See *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).

### B. Rule 19(a): Required Party Analysis

Rule 19(a)(1) provides that a party must be joined if:

(A) In that person's absence, the court cannot accord complete relief among existing parties; or
(B) The absent party claims an interest relating to the subject of the action and proceeding without that person may:

- Impair or impede the person's ability to protect that interest; or
- Leave an existing party subject to substantial risk of inconsistent obligations.

The Supreme Court has emphasized that Rule 19 analysis is practical and fact-specific, focusing on equity and real-world consequences.
*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968).

### C. Rule 19(b): Indispensable Party Analysis

If a party is required under Rule 19(a) but cannot be joined, the Court must determine whether "in equity and good conscience" the action should proceed or be dismissed.

The Supreme Court in *Republic of Philippines v. Pimentel*, 553 U.S. 851, 862–63 (2008), identified four factors:

1. The extent of prejudice to the absent party or existing parties;
2. The extent to which prejudice can be lessened;
3. Whether a judgment in the party's absence would be adequate;
4. Whether the plaintiff would have an adequate remedy if dismissed.

Dismissal is appropriate where adjudicating rights in the absence of an interested entity would be inequitable or prejudicial.

### D. Nevada Law Governing LLC Separateness

Under Nevada law:

- A limited liability company is a separate legal entity distinct from its members.
  NRS 86.201.
- Members and managers are not personally liable for the debts or obligations of the LLC solely by reason of being members.
  NRS 86.371.

Nevada courts strictly respect entity separateness absent properly pleaded and proven alter ego.

See *Polaris Indus. Corp. v. Kaplan*, 103 Nev. 598, 601 (1987) (alter ego requires unity of interest and that adherence to corporate fiction would sanction fraud or injustice).

No such allegations are present here.

## IV. If Joinder Is Not Pursued, Dismissal Is Required Under Rule 19(b)

Once a court determines that an absent party is required under Rule 19(a), the inquiry shifts to Rule 19(b) if joinder is not effected. Rule 19(b) requires the Court to determine whether, "in equity and good conscience," the action should proceed among the existing parties or be dismissed.

The Supreme Court has made clear that this is not a discretionary formality—it is a mandatory structural safeguard designed to prevent prejudicial and incomplete adjudications.
*Republic of Philippines v. Pimentel*, 553 U.S. 851, 862–63 (2008).

Where a required party's legally protected interests would be impaired, dismissal is frequently the proper result. Id. at 867.

Here, if the Receiver declines to join Desert Global Advisors, LLC ("DGA"), dismissal of all claims relating to transfers made to DGA is required.

### A. Rule 19(b) Framework

Rule 19(b) directs courts to consider four factors:

1. The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
2. The extent to which any prejudice could be lessened or avoided;

3. Whether a judgment rendered in the person's absence would be adequate; and

4. Whether the plaintiff would have an adequate remedy if the action were dismissed.

Fed. R. Civ. P. 19(b);
*Pimentel*, 553 U.S. at 862–63.

Each factor supports dismissal here.

## B. First Factor: Substantial Prejudice To DGA

Adjudicating the legality of transfers made to DGA without DGA's participation would cause significant prejudice.

A judgment determining that:

- Transfers to DGA were fraudulent;
- DGA did not provide reasonably equivalent value;
- DGA did not act in good faith;

would necessarily adjudicate DGA's conduct and rights.

That is not hypothetical prejudice—it is direct adjudication of DGA's legal position without affording DGA an opportunity to defend itself.

The Supreme Court in *Pimentel* emphasized that courts must not adjudicate the rights of absent parties whose interests are directly implicated. 553 U.S. at 867.

Similarly, the Ninth Circuit has recognized that dismissal is appropriate where adjudication would "impair or impede" the absent party's interests.
*Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992).

Because DGA owns the funds at issue and has defenses under Nevada's UFTA (NRS 112.220 good faith defense), prejudice is substantial and unavoidable.

## C. Second Factor: Prejudice Cannot Be Mitigated

Rule 19(b) next asks whether prejudice can be lessened or avoided.

Here, it cannot.

There is no procedural mechanism by which the Court could:

- Adjudicate the validity of transfers made to DGA,
- Determine DGA's good faith,
- Evaluate DGA's provision of value,

- And impose recovery,

without affecting DGA's legal interests.

Attempting to limit judgment "only" to Mr. Seik does not cure the prejudice. The underlying legal determination—that transfers to DGA were fraudulent—would remain.

The Court cannot fashion relief that avoids prejudice because the prejudice flows from adjudicating DGA's rights in its absence.

## D. Third Factor: A Judgment in DGA's Absence Would Be Inadequate

Rule 19(b) requires courts to consider whether a judgment rendered without the absent party would be adequate.

A judgment here would be inadequate because:

- It would not bind DGA;
- It would not resolve DGA's defenses;
- It would not conclusively determine ownership or value issues;
- It would leave open the possibility of future litigation.

The Supreme Court in *Pimentel* held that where an absent party's interests are central to the dispute, a judgment rendered without that party is structurally deficient. 553 U.S. at 870.

The Receiver's claims concerning DGA transfers cannot be adequately resolved without DGA's participation.

## E. Fourth Factor: The Receiver Has an Adequate Remedy

Rule 19(b) also asks whether the plaintiff would have an adequate remedy if dismissal were granted.

Here, joinder of DGA is feasible.

DGA:

- Is a Nevada limited liability company;
- Is subject to this Court's jurisdiction;
- Can be joined without jurisdictional defect.

If the Receiver truly intends to pursue transfers made to DGA, the proper course is to join DGA and litigate directly against the entity that received the funds.

Dismissal does not leave the Receiver without remedy—it merely requires procedural compliance.

### F. Equity and Due Process Require Dismissal

Beyond the Rule 19 factors, fundamental due process concerns support dismissal.

The Receiver seeks to:

- Invalidate transfers made to DGA;
- Recover funds deposited into DGA's accounts;
- Impose personal liability on a member;
- Without naming the entity.

That approach attempts to disregard Nevada's statutory LLC separateness (NRS 86.201; NRS 86.371) without pleading alter ego and without affording the entity notice or opportunity to be heard.

Courts may not disregard entity separateness by implication.

Rule 19 exists to prevent precisely this form of structural circumvention.

### G. Dismissal with Prejudice as To Individual Liability for DGA Transfers

If the Receiver declines to join DGA, dismissal should be with prejudice as to claims seeking to impose personal liability on Mr. Seik for transfers made to DGA.

This is appropriate because:

- The transfers were legally made to DGA;
- No alter ego is pled;
- Nevada law prohibits personal liability absent veil piercing;
- The defect is structural, not curable by factual amendment.

The Receiver cannot amend around the fact that the transfers were made to a separate legal entity.

### Conclusion

Under Rule 19(b):

- DGA would suffer substantial prejudice if the action proceeds;
- Prejudice cannot be mitigated;
- A judgment without DGA would be inadequate;
- The Receiver has an adequate remedy through joinder.

Accordingly, if joinder is not pursued, the claims relating to transfers made to Desert Global Advisors, LLC must be dismissed.

## V. Conclusion and Request for Relief

The Receiver's theory as to transfers made to Desert Global Advisors, LLC ("DGA") is procedurally defective and legally unsustainable.

The Complaint seeks to:

- Invalidate transfers made directly to DGA;
- Recover funds deposited into DGA's accounts;
- Impose personal liability on Mr. Seik for those entity transfers;
- Without naming DGA as a defendant;
- Without pleading alter ego;
- Without alleging veil piercing under Nevada law.

That approach cannot stand.

Under Nevada law, a limited liability company is a separate legal entity distinct from its members. NRS 86.201. Members are not personally liable for the debts or obligations of the LLC absent properly pleaded and proven alter ego. NRS 86.371; *Polaris Indus. Corp. v. Kaplan*, 103 Nev. 598, 601 (1987).

The Receiver has not pled alter ego. He has not alleged unity of interest. He has not alleged facts showing that respecting DGA's separate existence would sanction fraud or injustice. Instead, he simply ignores DGA's existence while attempting to recover DGA's funds from an individual.

Rule 19 does not permit such circumvention.

As demonstrated above:

- The transfers at issue were made to DGA.
- DGA owns the property at issue.
- The Court cannot determine reasonably equivalent value, good faith, or the validity of those transfers without adjudicating DGA's conduct.
- Proceeding without DGA would impair DGA's legally protected interests.
- Proceeding without DGA exposes Mr. Seik to inconsistent obligations and structurally defective adjudication.

The Supreme Court has made clear that courts must not adjudicate the rights of absent parties whose interests are central to the dispute. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 867 (2008). This case presents precisely that situation.

The Receiver has a straightforward procedural option: join DGA.

DGA is a Nevada LLC. It is subject to this Court's jurisdiction. There is no jurisdictional impediment to joinder. The Receiver's refusal to name DGA is a litigation choice — not a necessity.

If the Receiver elects not to join DGA, the claims relating to transfers made to DGA cannot proceed.

Moreover, dismissal should be **with prejudice as to personal liability for DGA transfers** because:

- The transfers were legally made to DGA.
- The entity separateness is a matter of statutory law.
- The defect is structural, not factual.
- Amendment cannot change the identity of the transferee.
- Amendment cannot retroactively create alter ego where none has been pled.

The Receiver cannot reframe entity transfers as personal transfers through artful pleading.

Accordingly, Defendant respectfully requests that this Court:

1. Determine that Desert Global Advisors, LLC is a required party under Rule 19(a) as to all claims seeking recovery of transfers made to DGA;
2. Order the Receiver to join DGA within a specified time if he intends to pursue those transfers; and
3. If joinder is not pursued, dismiss with prejudice all claims seeking to impose personal liability on Mr. Seik for transfers made to DGA.

This is not a technical defect. It is a structural one. The Federal Rules of Civil Procedure require joinder of the party whose property is being adjudicated. The Receiver may not bypass that requirement.

Respectfully submitted,

Robert Alan Seik

Robert Seik
7367 Laramie Avenue
Las Vegas, Nevada 89113
raseik@aol.com

702-686-5218

Sui Juris