KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
KYLE A. EWING, ESQ.
Nevada Bar No. 14051
MADELEINE COLES, ESQ.
Nevada Bar No. 16216
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: hendricksk@gtlaw.com
ewingk@gtlaw.com
madeleine.coles@gtlaw.com
*Attorneys for Plaintiff*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600 , Las Vegas, Nevada 89135
Telephone: (702) 938- 6856

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

GEOFF WINKLER, as court-appointed receiver for J&J CONSULTING SERVICES INC., et al.,

Plaintiff,

v.

DAVID RISKE, an individual;, an individual; MICK LOPEZ, an individual; JULIE MAYER, an individual; MICHAEL BARNEY, an individual; BRAD BERRETT, an individual; JARED BONNELL, an individual; CAREN IGERT, an individual; ROBERT ZOBRIST, an individual; ZANE HADFIELD, an individual; GARY JUDD, an individual; JONATHAN F. KINNEY, an individual; CESAR MAURTUA, an individual; PETER B. MURRAY, an individual; EMILY NEWBERRY an individual; DONALD B. ROWLAND, an individual; JOHN SIEGRIST, an individual; ROBERT SEIK, an individual; and RICH MARINO, an individual,

Defendants.

CASE NO. 2:26-cv-01000-JCM-NJK

**RESPONSE TO ROBERT SEIK'S MOTION TO DISMISS CLAIMS RELATING TO TRANSFERS MADE TO DESERT GLOBAL ADVISORS, LLC PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(7) AND 19**

Plaintiff Geoff Winkler (the "***Receiver***"), as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; J and J Purchasing LLC; The Judd Irrevocable Trust; and BJ Holdings LLC (collectively, the "***J&J***

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600 , Las Vegas, Nevada 89135
Telephone: (702) 938- 6856

***Enterprise***"), through his undersigned counsel of record, hereby submits his Response to Defendant Robert Seik's Motion to Dismiss Claims Relating to Transfers Made to Desert Global Advisors, LLC Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 (ECF No. 12) (the "***Motion***").

This Response is made and based upon the following memorandum of points and authorities, the pleadings and papers on file in this matter, and any oral argument the Court may entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Desert Global Advisors, LLC's participation in this dispute is not necessary or helpful to its resolution at this time. Defendant Seik appears to be the sole manager of Desert Global Advisors, which has been defunct since 2024, has no listed registered agent, and has since had its entity status with the Nevada Secretary of State revoked. Seik provides no evidence supporting his conclusory allegations that Desert Global Advisors was responsible for the transfers at issue here, let alone evidence that the funds were not ultimately transferred to Seik personally, as the Receiver alleges. In fact, Seik does not explain in any detail how Desert Global Advisors was even involved, allegedly, with the Ponzi scheme underlying this dispute other than to make an unsupported claim that he made his investments through the entity. Importantly, the Receiver did not even mention Desert Global Advisors in the Complaint. *See generally* Complaint for Fraudulent Transfer (ECF No. 1).

Regardless, the Court should deny this Motion to Dismiss for failure to join Desert Global Advisors for two primary reasons. First, the now-defunct Desert Global Advisors entity is not necessary to this lawsuit's resolution under NRS 112.220's plain language. Second, to the extent Desert Global Advisors should be a part of this lawsuit because it participated in the J&J Enterprise Ponzi scheme, Desert Global Advisors can be feasibly added. Thus, the Court should deny Seik's Motion in full, or in the alternative, grant the Receiver leave to join Desert Global Advisors.

/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600 , Las Vegas, Nevada 89135
Telephone: (702) 938- 6856

## II. **LEGAL STANDARD**

When ruling on a Rule 12(b)(7) motion, courts "accept as true the allegations in Plaintiff's complaint and draw all reasonable inferences in Plaintiff's favor." *Paiute-Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal. v. City of Los Angeles*, 637 F.3d 993, 996 n.1 (9th Cir. 2011) (citing *Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 923 (9th Cir. 2002)). "The defendants, who are the moving parties, 'bear the burden of producing evidence in support of the motion.'" *Jamul Action Comm. v. Chaudhuri*, 200 F. Supp. 3d 1042, 1048 (E.D. Cal. 2016) (quoting *Camacho v. Major League Baseball*, 297 F.R.D. 457, 461 (S.D. Cal. 2013)). "The moving party has the burden of persuasion in arguing for dismissal." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (citing *Sierra Club v. Watt*, 608 F. Supp. 305, 312 (E.D. Cal. 1985)).

"The Ninth Circuit has set forth a three-step inquiry to determine whether a case should be dismissed under Rule 12(b)(7)." *Tatung Co., Ltd. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1065 (C.D. Cal. 2014) (citing *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779–80 (9th Cir. 2005)). "First, courts determine 'whether an absent party is necessary to the action' under Rule 19(a).'" *Id.* (quoting *Makah Indian Tribe*, 910 F.2d at 558). "Second, courts determine whether it is feasible to order that the absent necessary party be joined." *Id.* (citing *Peabody W. Coal Co.*, 400 F.3d at 779). "Third, if both the absent party is necessary and joinder is infeasible, then courts must determine, under Rule 19(b), 'whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed.'" *Id.* (quoting *Peabody W. Coal Co.*, 400 F.3d at 779).

## III. **LEGAL ARGUMENT**

Nothing about this three-step inquiry supports granting Seik the relief he requests. **First**, Seik has simply not met his burden to show Desert Global Advisors is a necessary party. Accepting the Complaint's allegations as true, Desert Global Advisors is not a necessary party because Seik was the ultimate net beneficiary of the fraudulent transfers with which he was involved. NRS 112.220 specifically gives creditors the option of pursuing their remedies directly from the ultimate beneficiary of a series of fraudulent transfers. *See* NRS 112.220(2) ("The

judgment may be entered against […] [t]he first transferee of the asset or the person for whose benefit the transfer was made; or […] [a]ny subsequent transferee other than a transferee who took in good faith for value").

In other words, even if Desert Global Advisors was an intermediary transferee and every unsupported allegation Seik makes about Desert Global Advisors in the motion were true, the Receiver does not need to add Desert Global Advisors as a party to claw back funds that passed through it to Seik. Mr. Seik provides no authority for the proposition that, notwithstanding this clear statutory directive, Desert Global Advisors must be added simply because there *could* be a finding adverse to Desert Global Advisors. The doctrine of issue preclusion has developed to protect nonparties whose interests are not adequately protected against findings adverse to their interests for precisely this reason (i.e., so that a plaintiff or court is not required to join every person or entity involved in a transaction as a party to a case merely because the court could make a finding adverse to that person or entity). *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 480, 215 P.3d 709, 717 (2009) (holding that "[p]reclusion is generally prohibited in cases where a party is seeking to assert a judgment against a person who was not a party in the prior case …," but noting that the rule does not apply when the nonparty's interests are adequately represented). Here, Desert Global Advisor's interests are plainly adequately protected by Seik, but if a court later determines they are not for some reason, then any findings adverse to Desert Global Advisors cannot be used to its detriment. *See id.*; *see also Bates v. Union Oil Co. of California*, 944 F.2d 647, 649 (9th Cir. 1991) (holding that, in "a subsequent diversity action …, the forum state's law applies to determine the preclusive effect of a previous judgment.").

Moreover, Seik failed to provide any evidence that would support his claim that Desert Global Advisors is a necessary party. In the face of a Complaint that does not mention the nonparty, it was Mr. Seik's burden to support his allegations of its supposedly extensive involvement with actual evidence. He did not attach any such evidence to the Motion, and that is likely because he is aware that Desert Global Advisors transferred all of the proceeds it received from the J&J Enterprise on (to himself and others), including the funds alleged here (to himself).

**<u>Second</u>**, to the extent this Court determines Desert Global Advisors is a necessary party,

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600 , Las Vegas, Nevada 89135
Telephone: (702) 938-6856

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600 , Las Vegas, Nevada 89135
Telephone: (702) 938- 6856

joining it is *admittedly* feasible. As Seik notes in his Motion, adding Desert Global Advisors is a "straightforward procedural option," as "DGA is a Nevada LLC [and is] subject to this Court's jurisdiction." Motion at 7. It is unclear why Seik is moving to dismiss himself on a Rule 19 basis while simultaneously noting the ease with which Desert Global Advisors may be added as a party, but whatever the reason, he is correct. Desert Global Advisors, while defunct and lacking a registered agent, is under Seik's control—with Seik already participating in this lawsuit, joining an LLC of which he is the sole manager, poses no Rule 19 issues. Confusingly, based on the tenor of his Motion, Seik himself appears to agree. Moreover, this case is still nascent, as the parties are still at the pleading stage, and a scheduling order has not yet even been entered yet. Accordingly, discovery has not begun and the deadline for the Receiver to move to amend to add parties has not even been set, let alone run. Thus, if this Court determines Desert Global Advisors is a necessary party, the Receiver respectfully requests leave to join Desert Global Advisors as a party to this action.

**Finally**, even if this Court determines that Desert Global Advisors cannot be feasibly joined, equity and good conscience favors continuation of the Receiver's action against Seik. The Receiver included Seik in this lawsuit because he wrongfully obtained and kept funds from his participation in a Ponzi scheme, as the Receiver alleged.

Seik makes much of Desert Global Advisors corporate form and distinctness under Nevada law. But Desert Global Advisors has not been identified as a relevant player at this juncture because it was merely a vehicle that funds flowed *through* between Seik and the J&J Enterprise. There is no benefit from adding it as a party when the Receiver has alleged that Seik was the ultimate transferee of the funds in question, which the Court must accept as true at this time. Fraudulent transfer laws were designed to, among other things, allow creditors to avoid exactly this kind of gamesmanship (i.e., using an entity as a straw person for a transaction when the funds or other property ultimately flow to a different individual or entity).[1]

---

[1] Further, given that Desert Global Advisors is a defunct entity that has not renewed its annual list filings since 2023, and its registered agent resigned in 2024, adding it as a party to this lawsuit would add little value to this lawsuit since Mr. Seik would likely just cause it to file for bankruptcy relief once the Receiver eventually served it.

In short, the Court should deny Seik's Motion because Desert Global Advisors is not a required party under Fed. R. Civ. P. 19, and Seik has not carried his burden to show otherwise. Under NRS 112.220, the Receiver may seek relief directly from Seik as the ultimate beneficiary of the challenged transfers, without expending additional time and resources on a defunct intermediary entity that Seik likely wants added for inappropriate strategic reasons.

But if the Court nevertheless determines that Desert Global Advisors should be a party to this action, the Receiver can readily add it as a party.

## IV. CONCLUSION

The Receiver respectfully requests that the Court deny Seik's Motion in full, or in the alternative, grant the Receiver leave to join Desert Global Advisors.

DATED this 20th day of May, 2026.

GREENBERG TRAURIG, LLP

By: */s/ Kyle A. Ewing*

KARA B. HENDRICKS, Bar No. 07743
KYLE A. EWING, Bar No. 014051
MADELEINE COLES, Bar No. 16216
***Attorneys for Plaintiff***

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 938-6856

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600 , Las Vegas, Nevada 89135
Telephone: (702) 938- 6856

## CERTIFICATE OF SERVICE

I hereby certify that on **May 20, 2026**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service; **AND**

☒ via **Electronic Mail.** by e-mailing a copy of the document(s) listed above to the person(s) at the e-mail address(es) set forth below pursuant to agreement of counsel.

SEIK, ROBERT, PharmD, FMNM
raseik@aol.com

☒ via **First Class Mail.** by mailing a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

SEIK, ROBERT, PharmD, FMNM
7367 Laramie Avenue
Las Vegas, Nevada 89113

*/s/ Evelyn Escobar-Gaddi*
An employee of GREENBERG TRAURIG, LLP