FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
JUL 16 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEOFF WINKLER, as court-appointed Receiver for J&J CONSULTING SERVICES INC., ET AL.,

Plaintiff,

v.

Robert Alan Seik

**CASE NO.:** 2:26-cv-01000-CDS-NJK

**Objection And Rebuttal to Receiver's Adverse Claim Notice, Deadline, And Failure to Meet Statutory Requirements**

**COMES NOW** Defendant, *in propria persona* and *sui juris*, and hereby objects and rebuts the Receiver's Adverse Claim Notice on referenced ECF No. 935, ECF. 886, and in objection to Local rule 7-2(d)related and associated deadlines on the basis that the claims brought forward by the Receiver fail to meet the statutory thresholds for validity, standing, and procedural compliance as required by federal law and this Court's own rules.

This objection is grounded in the following points:

**I. Lack of Statutory Compliance by the Receiver**

1. **Failure to Establish Article III Standing:**

   i. The Receiver has not demonstrated the requisite elements of standing under Article III: **injury-in-fact**, **causation**, and **redressability**.

ii. Standing cannot be presumed but must be evidenced with sufficient documentation showing a legally cognizable injury and specific ownership interest in the property at issue.

2. **Violation of Federal Rule of Civil Procedure 17(a):**

i. The Receiver has failed to identify the **real parties in interest**, including all natural and legal persons with direct, beneficial, or custodial claims.

ii. This failure directly contravenes Rule 17(a)'s requirement that actions must be prosecuted in the name of those who hold the substantive rights being asserted.

3. **Failure to Satisfy Statutory Standards for Fiduciary Conduct:**

i. Federal statutes governing judicial receiverships, including fiduciary duties to account for and disclose all stakeholders, interests, and property claims, have not been adhered to.

ii. Instead, the Receiver relies on speculative assertions and broad, unsupported disallowance of claims without verifiable evidence or statutory authority under 28 U.S.C. § 959 or related guidelines.

iii. On July 7,2026 Defendant requested a link to be present in the court to state objections and was denied the opportunity. On July 8, and in related case upon which this settlement and related actions are subject to Defendant again attempted to red into the record the objections, and was denied by the court to do so.

## II. Procedural Deficiencies in the Claim Notice

1. **Insufficient and Prejudicial Deadlines:**

   i. The 30-day response deadline imposed upon claimants is unreasonably short, arbitrary, and deprives claimants of sufficient time to gather and present the necessary objections and supporting documentation.

   ii. The notice is unduly restrictive and fails to consider due process protections under the Fifth Amendment.

2. **Omissions of Material Evidence:**

   i. The Receiver's adverse claim determination is unsupported by factual or evidentiary disclosure regarding the chain of custody, claimed ownership interests, and fiduciary compliance.

   ii. Without clear and complete accounting records, including documentation from central securities depositories, trustees, and fiduciaries, the claim is procedurally void.

3. **Improper Delegation of Judicial Authority:**

i. By issuing notices and deadlines over disputed claims without prior validation by the Court, the Receiver is improperly asserting judicial authority in contravention of governing statutes and Article III principles.

**III. Preservation of Due Process Rights**

This Court has a constitutional duty to act as a neutral arbiter where disputes regarding property, standing, and claims arise. The proposed process by the Receiver undermines these principles by:

i. Denying claimants the right to meaningful participation in a transparent, adjudicative process;

ii. Approving substantive claims while bypassing statutory checks and balances required to challenge improper or unsupported determinations.

**IV. Request for Relief**

Based on the above, Defendant respectfully requests that the Court:

1. **Reject the Receiver's Proposed Notice and Deadlines:**

   i. Revoke or stay any enforcement of the Receiver's adverse claim determination until statutory and procedural compliance is demonstrated.

2. **Order the Receiver to Provide Detailed Documentation:**

Require the Receiver to produce all supporting documentation for the claims, including but not limited to the following:

a. Evidence of real-party-in-interest ownership and standing under Federal Rule of Civil Procedure 17(a).

b. Evidence from fiduciaries, transfer agents, and custodians validating the chain of custody for any contested property.

c. A full accounting of the Receivership Entities' financial and legal interests pursuant to 28 U.S.C. § 959.

3. **Provide Claimants Adequate Time to Respond:**

   - Extend the time period for objections to 90 days, affording claimants reasonable opportunity to review the Receiver's disclosures and prepare responses.

4. **Preserve Defendant's Rights Under Federal and Constitutional Law:**

   - Acknowledge on the record that no action, notice, or motion by the Receiver may abrogate Defendant's substantive or procedural rights under the U.S. Constitution, Article III jurisdiction, or applicable federal statutes.

**V. Conclusion**

For the reasons stated herein, Defendant respectfully objects to the Receiver's Adverse Claim Notice and associated procedures as presently constituted. The Receiver's inability to comply

with statutory requirements and due process renders the proposed determinations null, void, and prejudicial.

Defendant reserves all rights to move for further relief, including discovery into the Receiver's determinations, sanctions for improper filings, and additional remedies for violations of statutory and constitutional guarantees.

DATED: July 15, 2026

Respectfully submitted,

By: Robert Alan Seik

Robert Alan Seik
LDPLasVegas@gmail.com
All Rights Reserved. Without Prejudice
In Propria Persona, Authorized Agent

## Certificate Of Service

I hereby certify that on this 15 day of July, **2026**, I caused a true and correct copy of the foregoing:

Objection And Rebuttal to Receiver's Adverse Claim Notice, Deadline, And Failure to Meet Statutory Requirements

together with all supporting exhibits and attachments, to be served upon all parties entitled to notice by the following method(s):

☐ Electronic Filing through the Court's CM/ECF System, which will provide electronic notice to all registered counsel of record.

☐ United States Mail, first-class postage prepaid.

☐ Certified United States Mail.

☐ Personal Delivery.

☑ Electronic Mail.

Service was made upon the following:

**Counsel for Plaintiff**
Greenberg Traurig, LLP
10845 GRIFFITH PEAK DRIVE
SUITE 600A
LAS VEGAS, NEVADA 89135

**Plaintiff / Receiver**
Geoff Winkler, Court-Appointed Receiver
10845 GRIFFITH PEAK DRIVE
SUITE 200A
LAS VEGAS, NEVADA 89135

*Any additional counsel or parties of record were served in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Nevada, and any applicable Orders of this Court and by electronic filing on the case and its subsequent notifications and options.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct Executed this 15 day of July, **2026**.

*Respectfully submitted by LDPLasVegas@gmail.com*