**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Geoff Winkler,<br>Plaintiff(s),<br>v.<br>David Riske, et al.,<br>Defendant(s). | Case No. 2:26-cv-01000-CDS-NJK<br>**ORDER**<br>[Docket Nos. 71, 72] |

Pending before the Court are the Receiver's motions to extend time for service and for alternative service. Docket Nos. 71, 72. No response has been filed. For the reasons discussed below, the Court **GRANTS** the motion to extend time and **DENIES** without prejudice the motion for alternative service.

**I. Motion to Extend**

The Court must extend the time for service for an appropriate period upon a showing of good cause. Fed. R. Civ. P. 4(m). In this case, the Receiver attempted to obtain service waivers and thereafter attempted actual service. *See* Docket No. 71-1 at ¶¶ 6-24. In light of the Receiver's diligence, good cause exists to extend the service period for 60 days to August 28, 2026.

**II. Motion for Alternative Service**

The Federal Rules permit service in accordance with state law. *See* Fed. R. Civ. P. 4(e)(1). A party seeking an order for alternative service pursuant to Nevada law must: (1) demonstrate "that the service methods provided in Rules 4.2, 4.3, and 4.4(a) [of the Nevada Rules of Civil Procedure] are impracticable"; (2) provide evidence that "due diligence was undertaken to locate and serve the defendant;" (3) provide evidence of "the defendant's known, or last-known, contact information"; and (4) state why the alternative form of service comports with due process. *See, e.g.*, *PlayUp, Inc. v. Mintas*, 2021 WL 5988539, at *2 (D. Nev. Dec. 16, 2021) (quoting Nev. R. Civ. P. 4.4(b)(2) and collecting cases). In this case, the Receiver seeks an order allowing

alternative service on Defendants Murray and Maurtua. *See, e.g.*, Docket No. 71 at 9. Although the Receiver explains that prior efforts to obtain service waivers and to effectuate service have proven unsuccessful, *see, e.g.*, *id*., the Receiver does not explain in meaningful fashion why the traditional service methods outlined in Rules 4.2, 4.3, and 4.4(a) of the Nevada Rules of Civil Procedure are impracticable, *but see, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts do not generally consider arguments raised without meaningful development).[1] As such, the Receiver has failed to show that alternative service should be permitted.

**III. Conclusion**

For the reasons discussed above, the Court **GRANTS** the motion to extend time and **DENIES** without prejudice the motion for alternative service. The service deadline is extended to August 28, 2026.

IT IS SO ORDERED.

Dated: July 24, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] With respect to Defendant Murray, the Receiver indicates that he is actively evading service. *See* Docket No. 71 at 9. One suspects that a showing of evasion could result in a finding that service by traditional means is impracticable, but the motion does not sufficiently connect those dots with meaningfully developed argument and the Court declines to fill in those gaps for the Receiver. *Cf. Williams v. Eastside Lumberyard & Supply Co.*, 190 F.Supp.2d 1104, 1114 (S.D. Ill. 2001) (explaining that judges should not act as a party's attorney). With respect to Defendant Maurtua, the Court notes that the motion indicates (and the record reflects) that he has appeared in this case such that it is not clear why any service issue is not moot. *Cf.* Fed. R. Civ. P. 12(h)(1).