**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Geoff Winkler,

Plaintiff(s),

v.

David Riske, et al.,

Defendant(s).

Case No. 2:26-cv-01000-CDS-NJK

**Order**

[Docket Nos. 119, 120, 121]

Pending before the Court is the Receiver's motion to strike Defendant Seik's notice of objection to frivolous litigation practices, Docket No. 119 (seeking to strike Docket No. 26), motion to strike Defendant Maurtua's notice of objection to frivolous litigation practices, Docket No. 120 (seeking to strike Docket No. 28), and motion to strike Defendant Seik's notice of constitutional objection, Docket No. 121 (seeking to strike Docket No. 58). Defendant Seik filed a response. Docket No. 130. The Receiver filed a reply. Docket No. 145. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

The Court "may" strike filings that do not conform to either the local rules or the Federal Rules of Civil Procedure. Local Rule IA 10-1(d). In deciding whether to strike court filings, judges will consider whether doing so accords with the need for judicial efficiency and case progression. *See, e.g.*, *Sosa Guzman v. Costco Wholesale Corp.*, 2024 WL 4406915, at *2 (D. Nev. Aug. 23, 2024). Especially with respect to *pro se* litigants who may be unfamiliar with the technical aspects of the applicable rules, judges are also mindful that it may not be a useful expenditure of resources to entertain motions to strike without a showing of prejudice to the party seeking that relief. *Cf. Zeddies v. Clark Cnty. Sch. Dist.*, 2021 WL 2583545, at *2 (D. Nev. June 23, 2021). A sufficient showing of prejudice may be made where the rogue filing causes confusion, is not susceptible to a proper responsive brief, or may be utilized in an attempt to obtain

an unwarranted litigation advantage. *See, e.g.*, *Benson v. Nev.*, 2017 U.S. Dist. Lexis 98890, at *3 (D. Nev. June 27, 2017).

The Receiver has made a sufficient showing to strike these particular documents. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1); *accord* Docket No. 99 at 4. The subject filings appear to seek sundry relief, but are not fashioned as motions. *See* Docket No. 26, 28, 58. Such filings muddy the docket and sow confusion. As explained by the Receiver, such filings may then be used to contend that certain issues have been conceded through the lack of opposition, even though it does not appear that a "notice" requires a responsive brief. *See* Docket No. 145 at 3-4; *see also, e.g.*, Docket No. 143 at 6 (asking that objections be deemed waivered and to grant relief on the basis thereof). In short, these filings violate the governing rules and may result in prejudice to the Receiver.

Accordingly, the Court **GRANTS** the motions to strike. Defendants Seik and Maurtua are once again **CAUTIONED** that they must seek relief from the Court by filing a proper motion in accordance with the rules.[1]

IT IS SO ORDERED.

Dated: August 10, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] The Court declines to address the affirmative relief sought in the responsive brief. *See* Local Rule IC 2-2(b).