UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Geoff Winkler v. Stephen Hodges, et al. | Case No. 2:26-cv-00995-CDS-NJK<br>[ECF Nos. 28, 35] |
| Geoff Winkler v. Yee Mar, et al. | Case No. 2:26-cv-00996-CDS-NJK<br>[ECF No. 10] |
| Geoff Winkler v. David Riske, et al. | Case No. 2:26-cv-01000-CDS-NJK<br>[ECF Nos. 78, 82]<br><br>**Order Denying the Defendants' Second Motions to Dismiss** |

These are purported fraudulent transfer cases brought by court-appointed Receiver Geoff Winkler related to a Securities and Exchange Commission (SEC) enforcement action already pending in this district against numerous defendants. *See SEC v. Matthew Beasley, et al.* ("the Beasley action"), Case No. 2:22-cv-00612-CDS-EJY; *id.* at ECF No. 88 (order appointing the Receiver). Pending before the court are several motions to dismiss.[1] These motions are fully briefed.[2] For the reasons set forth herein, I deny these motions because the defendants had already filed motions to dismiss.

---

[1] Mots., ECF Nos. 28, 35 in Case No. 2:26-cv-00995; ECF No. 10 in Case No. 2:26-cv-00996-CDS-NJK; ECF Nos. 13, 78, 82 in Case No. 2:26-cv-01000-CDS-NJK.

[2] Resps., ECF Nos. 48, 59; Replies, ECF Nos. 65, 89 in Case No. 2:26-cv-00995; Resp., ECF No. 21; Reply, ECF No. 26 in Case No. 2:26-cv-00996-CDS-NJK; Resps., ECF Nos. 101, 106; Replies, ECF Nos. 118, 125 in Case No. 2:26-cv-01000-CDS-NJK.

## I. Discussion

In Case No. 2:26-cv-00995-CDS-NJK, defendants Angel Fajardo and Christopher Riggot filed a second motion to dismiss arguing that the court should dismiss the receiver's complaint pursuant to Federal Rule of Civil Procedure 12(b)(7)—that is, the receiver failed to name a necessary and proper party. ECF Nos. 28, 35. Similarly, defendant Jordan M. Crow in Case No. 2:26-cv-00996-CDS-NJK and defendants Caren Igert and John Siegrist in Case No. 2:26-cv-01000-CDS-NJK filed a second motion to dismiss asserting the same grounds. *See* ECF No. 10 in Case No. 2:26-cv-00996; ECF Nos. 78, 82 in Case No. 2:26-cv-01000-CDS-NJK. Because the second motions to dismiss filed in each of these cases are improper, I deny them.

"Rules 12(g) and 12(h) serve to eliminate the presentation of [Rule 12] defenses in a **piecemeal fashion**." *Hild v. Bank of Am., N.A.*, 2015 WL 1813571, at *3 (C.D. Cal. Apr. 21, 2015) (citation omitted) (emphasis added). Specifically, "Rule 12(g)(2) prohibits a party from raising in a second Rule 12 motion a defense or objection that was available to the party but omitted from an earlier Rule 12 motion, except as provided in Rule 12(h)(2) or (3)." *Holloway v. Clackamas River Water*, 2020 WL 5471476, at *12 (D. Or. Apr. 24, 2020), *adopted*, 2020 WL 5441562 (D. Or. Sep. 10, 2020); Fed. R. Civ. P. 12(g)(2). Thus, a party may not raise in a second Rule 12 motion arguments that were available to them unless one of the exceptions applies.

> Rule 12(h)(2) permits a defendant to raise a defense for failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim in three distinct circumstances: (1) in any pleading allowed or ordered under Rule 7(a), such as a complaint, answer, or reply to an answer, (2) by a motion under Rule 12(c), which is a motion for judgment on the pleadings, or (3) at trial.

*Coles Valley Church v. Or. Land Use Bd. of Appeals*, 2021 U.S. Dist. LEXIS 92386, at *18–19 (D. Or. May 14, 2021) (cleaned up).[3]

---

[3] *See also In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("Rule 12(h)(2) tells us that it can be raised, but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial.") *aff'd*, 587 U.S. 273 (2019).

Here, the defendants' second motions to dismiss are neither pleadings within the meaning of Rule 7(a) nor are they motions for judgment on the pleadings. And these cases are far from trial. So the second motions to dismiss do not fall within any of the exceptions contemplated by Rule 12(h)(2).

I am also unpersuaded by the defendants' argument in its reply citing Local Rule IC 2-2.[4] Although that local rule requires separate motions to be filed, the motions to dismiss at issue here seek the same relief: dismissal of the receiver's complaint *pursuant to Rule 12*. So Local Rule IC 2-2 does not apply here. Rather, that rule applies, for example, when defendants file a motion to dismiss or, in the alternative, a motion for summary judgment in the same pleading. Moreover, a review of the motions suggests the purpose of filing the separate motions is to circumvent the local rules' page limit on motions.[5] *See* LR 7-2(b) (limiting the page limited for all motions, other than those for summary judgment, to 24 pages).

The court recognizes the complexities of this case. Nonetheless, because the second motions to dismiss run counter to Rule 12, authority supports the conclusion that filing multiple motions to dismiss is improper and that the grounds asserted in the second motions should have been raised in the first instance. So they are denied.

## II. Conclusion

IT IS THEREFORE ORDERED that, in Case No. 2:26-cv-00995-CDS-NJK, defendants Fajardo's and Riggott's second motions to dismiss **[ECF Nos. 28, 35] are DENIED.**

IT IS FURTHER ORDERED that, in Case No. 2:26-cv-00996-CDS-NJK, defendant Crow's second motion to dismiss **[ECF No. 10] is DENIED.**

---

[4] *See* ECF Nos. 65, 89 in Case No. 2:26-cv-00995-CDS-NJK; ECF No. 26 in Case No. 2:26-cv-00996-CDS-NJK; ECF Nos. 118, 125 in Case No. 2:26-cv-01000-CDS-NJK.

[5] *See, e.g.*, ECF No. 9 in Case No. 2:26-cv-00996-CDS-NJK is 23 pages long, with about 12 pages of argument, and ECF No. 10 is 12 pages long, with 6 pages of argument. The total pages of both motions are 33 pages.

IT IS FURTHER ORDERED that, in Case No. 2:26-cv-01000-CDS-NJK, defendants Igert's and Siegrist's second motions to dismiss **[ECF Nos. 78, 82] are DENIED.**

Dated: August 13, 2026

________________________________
Cristina D. Silva
United States District Judge