UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Geoff Winkler,<br>Plaintiff<br>v.<br>Mick Lopez, et al.,<br>Defendants | Case No. 2:26-cv-01000-CDS-NJK<br>**Order Striking Certain Filings**<br>[ECF Nos. 15, 17] |

Recently, the court learned that two non-lawyers identified as Aaron Prince and Denise Mraz have formed something they call the "Justice and Freedom Association" (JFA) and, through that group, may have been offering legal advice and drafting filings ("ghost-writing"[1]) for defendant Cesar Maurtua.[2] *See* ECF Nos. 1026, 1054 in *SEC v. Beasley*, Case No. 2:22-cv-00612-CDS-EJY (D. Nev.). This is improper for two main reasons.

First, ghost-writing frustrates the application of Federal Rule of Civil Procedure (FRCP) 11, which requires all attorneys, or unrepresented parties, to verify through their signatures that there are sufficient grounds for the arguments in their pleadings. *See In re Mungo*, 305 B.R. 762, 768 (Bankr. D.S.C. 2003). If a pleading is ghost-written, whether by a non-attorney, an attorney, or a combination thereof, a party cannot comply with Rule 11, which can result in sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (explaining that Rule 11 applies to unrepresented parties, and district courts are not at liberty to automatically exempt them from sanctions). Further, it is well-established that if a pleading is written by an attorney, that

[1] "Ghost-writing" occurs when an attorney (or a non-attorney) drafts pleadings or court filings on behalf of a pro se litigant who, in turn, signs them pro se. It is an inappropriate practice. *See e.g., Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1222 (D. Haw. 2010).

[2] The court has now enjoined Prince and Mraz from soliciting, contacting, or otherwise communicating with investors of J&J Consulting Services, Inc. (a Nevada corporation), J&J Consulting Services, Inc. (an Alaska corporation), and J and J Purchasing LLC (a Florida limited liability company) for purposes of interfering with the court-appointed receiver in the related enforcement action. ECF No. 198; *see also* ECF No. 1055 in *SEC v. Beasley*, Case No. 2:22-cv-00612-CDS-EJY (D. Nev.).

attorney must sign the document(s). *See Ricotta v. California*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998) (citing *Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971) (discussing that a court cannot approve of ghost-writing because "[i]f a brief is prepared in any substantial part by a member of the bar, it must be signed by him [her]."). The evidence before the court in the *SEC v. Beasley* action shows that a member of the bar—Kevin Anderson, Esq.—redlined documents later filed by persons associated with JFA. It is unclear precisely how much he drafted or edited, but if it was substantial, it needed to be signed by him. *See Walker v. Pac. Mar. Ass'n*, 2008 WL 1734757, at *2 (N.D. Cal. Apr. 14, 2008) (finding that ghost-writing is an inappropriate practice and attorneys who engage in the practice are subject to sanction under FRCP 11); *see also Phillips v. Franchise Tax Bd.*, 2025 WL 3128190, at *1 (N.D. Cal. Nov. 7, 2025) (reminding a party that "use of an undisclosed attorney will result in revocation of IFP status and sanctions up to and including dismissal of the case, and professional conduct sanctions up to disbarment for an attorney who is providing the assistance"). The filings in question here did not include his signature.

Second, it is illegal for a non-lawyer to engage in the unauthorized practice of law, *see* Nev. Rev. Stat. § 7.285(1), which "includes activities calling for the exercise of trained judgment in applying the general body of legal knowledge to the specific problem of a client and recommending a course of action." *In re Discipline of Lerner*, 197 P.3d 1067, 1078 (Nev. 2008) (en banc). Ghost-writing pleadings on behalf of a pro se individual can constitute the unauthorized practice of law because it recommends to a party what arguments to lodge with the court, which is a form of recommending a course of action, but without the proper and authorized training. *See also Walker*, 2008 WL 1734757, at *2.

When filings are prepared with the assistance of a non-attorney but filed by a pro se party, the court may strike those filings. *See Wallace v. Las Vegas Metro. Police*, 2023 WL 7026603, at *1 (D. Nev. Oct. 24, 2023) ("[I]f I later determine that DeCastro (or another non-lawyer) is ghostwriting [the plaintiff's] documents, I may strike those documents in this case." (footnote omitted)); *Henry v. Rizzolo*, 2009 WL 10692950, at *2 (D. Nev. Oct. 23, 2009) ("Where a person

has engaged in the unauthorized practice of law and filed pleadings in an action, the first appropriate remedy is to strike the improperly filed pleadings." (collecting cases)).

Based upon documents filed in the related SEC enforcement action, *see* ECF No. 1026 in *SEC v. Beasley*, Case No. 2:22-cv-00612-CDS-EJY (D. Nev.), the court has good cause to believe that Prince or Mraz assisted drafting the following documents:

- ECF No. 15: Motion/Request for Judicial Notice in Support of Motion to Dismiss by Defendant Cesar Maurtua
- ECF No. 17: Motion to Dismiss with Prejudice pursuant to NRS 112.230 by Defendant Cesar Maurtua

IT IS HEREBY ORDERED that **[ECF Nos. 15, 17] are STRICKEN**. Defendant Cesar Maurtua is reminded that future filings must comply with the Federal Rules of Civil Procedure, including Rule 11, and the Local Rules of this District.

Dated: October 16, 2026



Cristina D. Silva
United States District Judge